UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

KWAME OWUSU,

        Plaintiff,

v.

CENTRAL PARKING CORP., et al.,

        Defendants.

Civil Action No. 06-5744 (PGS)

**REPORT AND RECOMMENDATION**

**SALAS, United States Magistrate Judge**,

    Before the Court is Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b) (Docket Entry No. 50). Because this Court finds that the appropriate sanction is to dismiss Plaintiff's complaint, the Court presents its decision via Report and Recommendation.

## I. BACKGROUND

    On or about March 24, 2005, Defendant Central Parking System of New York, Inc. ("CPS") hired Plaintiff Kwame Owusu ("Owusu") as an Assistant Manager at one of its parking facilities at Newark Liberty International Airport. Owusu was fired three months later allegedly due to his habitual tardiness and failure to attend work on several occasions. (Defendants' Moving Br. at 2).

    On November 15, 2005, Owusu filed an administrative complaint with the Equal Employment Opportunity Commussion ("EEOC"). The basis of Owusu's Complaint was that CPS unlawfully terminated his employment in violation of Federal and New Jersey State anti-discrimination laws. After an investigation, the EEOC determined that it could not find a

reasonable basis to conclude that discriminatory actions occurred and therefore, dismissed the case. (*Id*.).

On November 30, 2006, then *pro se* Owusu filed a complaint and application to proceed *in forma pauperis* ("IFP"). Owusu's request to proceed IFP was granted and his complaint was filed on December 15, 2006. Owusu's complaint contains the same allegations as his administrative complaint with the EEOC.

On May 17, 2007, the Defendants served 15 interrogatories and 55 requests for document production upon Owusu. Owusu did not respond to this request. On June 21, 2007, the Defendants provided Owusu with blank medical authorization forms for him to sign so that Defendants could obtain relevant medical information relating to Owusu's alleged injuries. Once again, Owusu failed to respond to this request. On September 10, 2007, the Defendants submitted a letter to the Court outlining Owusu's failure to produce discovery. (*Id*.). The Court set the matter down for a November 27, 2007 status conference. (Docket Entry No. 33). Before the Court's conference, Owusu served a two-page response to Defendants' discovery demands, but did not submit any responsive documents or written responses to the interrogatories. (Defendants' Moving Br. at 4).

During the November 27, 2007 conference, the Court informed Owusu of his obligation to respond to Defendants' interrogatories and document requests. Owusu claimed that he had sent responses to the interrogatories and document requests. After some discussion, it was apparent to the Court that Owusu was confused over the difference between interrogatories and document production. Therefore the Court had the parties meet and confer off the record so that the Defendants could personally spell out what they were looking for. After the parties had the

opportunity to meet and confer, the Court came back onto the record. After further discussion, the Court ordered the following: Owusu has to respond to interrogatories by December 10, 2007; Defendants were to send a document deficiency letter by December 4, 2007; and Owusu was to reply to the deficiency letter by December 17, 2007. The Court also ordered Owusu to sign and return the medical authorization forms no later than December 11, 2007. Finally, the Court ordered (which the parties all agreed) Owusu to sit for a deposition on January 10, 2008, at 10:30 AM. At the conference, there was no indication to the Court that Owusu did not understand the Court's Order. The Court had the Defendant provide a proposed order.[1]

On November 30, 2007, the Defendants provided Owusu with a document deficiency letter. The letter provided a two-column table specially designed to present the document requests in a simple and concise manner. On the left side of the table was the document request, and on the right side was space for Owusu to fill in whether he had any responsive documents in his custody or control. Owusu neither responded to Defendants' deficiency letter nor provided the medical information and authorization forms. (*Id*. at 6).

On January 7, 2008, the Defendants informed the Court that Owusu failed to abide by the Court's Orders. The Court set the matter down for a January 16, 2008 telephone conference. (Docket Entry No. 42).

At the January 16, 2008, conference, Owusu's newly retained counsel, Mr. Kwesi Korreh, appeared on Owusu's behalf. At the conference the Court ordered that Owusu provide the medical authorizations forms and all medical information no later than January 31, 2008. The parties agreed to reschedule the deposition of Owusu to either February 18 or 19, 2008. Finally,

---

[1] Owusu objected to Defendants form of order even though everything in the Order was exactly as this Court ordered during the November 27, 2007 conference.

the Court ordered Defendants to resend the deficiency letter to Owusu's new counsel, and Owusu was to respond and provide all responsive documents no later than February 8 2008. The Court extended discovery until April 2, 2008, and set a February 13, 2008 telephone conference to check on the status of the case. All of the Court's orders were embodied in a January 28, 2008 Order. (Docket Entry No. 43).

On January 31, 2008, Owusu's counsel contacted the Defendants to inform them that he would be unable provide the medical information and signed authorization forms by January 31, 2008. However, Owusu's counsel stated that he faxed the information to Owusu and would forward the information to the Defendants upon receipt. (Defendants' Moving Br. at 8).

On February 5, 2008, the Defendants contacted Owusu's counsel requesting that he provide the medical information and signed authorization forms. Three days later, Owusu's counsel faxed a letter identifying a psychologist with whom Owusu consulted, but did not provide any further information. Owusu's counsel also resent the same letter that Owusu previously provided to the Defendants prior to the November 27, 2007 conference. On February 11, 2008, the Defendants notified the Court that Owusu did not fully abide by the January 28, 2008 Order. (*Id*. at 8).

At the February 13, 2008 conference, the Defendants informed the Court that Owusu still had neither provided the medical authorization forms nor responded to the Defendants deficiency letter, and therefore, requested leave to move for sanctions. The Court denied the Defendants' request for sanctions and gave Owusu yet another chance to fulfill his discovery obligations. Thus, the Court ordered the following: Owusu was to respond to all outstanding discovery requests by February 29, 2008; provide an affidavit if any documents requested do not exist; and

provide all information regarding medical treatment, treating physician(s) and to provide a signed medical authorization from no later than February 29, 2008. The Court also scheduled a March 14, 2008 telephone conference. All of the Court's orders were embodied in a February 13, 2008 Letter Order. (Docket Entry No. 46). Owusu did not abide by the Court's order, and once again, the Defendants were forced to inform the Court of Owusu's lack of complaince. (Defendants's Moving Br. at 9-10).

The day before the March 14, 2008 conference, Owusu's counsel informed the Defendant's via a "Notice of Unavailability" that he would be unavailable to attend the conference because he was out of the country. The Defendants then informed the Court the day before the conference of this information. However, Owusu' s counsel did not contact the Court in an effort to reschedule said conference. (Defendant's Moving Br. at 10). The Court set the matter down for an April 16, 2008 in-person conference. (Docket Entry No. 47).

Approximately 45 minutes prior to the April 16, 2008 conference, Owusu's counsel called the Court to advise that he would be late to the conference due to a flat tire. The Court asked where he was and how late he would be arriving. He stated that he was he was "somewhere in Maryland." The Court had Owusu's counsel pull over to a rest stop so that the Court could conduct the conference on the telephone. The Defendants appeared in-person as instructed. During the call, the Defendants informed the Court that yet again, Owusu and his counsel did not provide any of the information previously ordered by the Court. Owusu's counsel told the Court that he was just recently provided with the information. (Defendant's Moving Br. at 11). Therefore, the Court ordered for a fourth time, the following: Owusu was to provide the Defendants, no later than April 18, 2008, all outstanding discovery and a signed

medical authorization form; a signed affidavit identifying which document requests that Owusu does not have responsive documents for; Defendants were granted leave to file its motion for sanctions by May 2, 2008, with opposition due May 16, 2008, if Owusu failed to comply with this order; and discovery was extended until June 30, 2008.  (Docket Entry No. 49).  As discussed below, the Court's Order fell on deaf ears and blind eyes.

On April 18, 2008, the Defendants received a package from Owusu's counsel.  The package contained a copy of the Defendants November 30, 2007 deficiency letter which Owusu apparently checked off and completed on March 7, 2008.  According to the Defendants, the letter indicates that Owusu is in control or possession of a majority of the document requests.  However, it failed to contain the documents, a signed medical authorization form and a signed affidavit.  Due to Owusu's failure to provide the ordered discovery, the Defendants filed its motion for sanctions.  The motion was filed on May 2, 2008 in accordance with the Court's insturctions.  (Defendants' Moving Br. at 11-12).

Owusu was to file an opposition by May 16, 2008.  However, Owusu never timely opposed the motion. Consequently the Court contacted Owusu's counsel to ascertain whether he was going to file any opposition.  On June 4, 2008, the Court called Owusu's counsel to ask him if he was going to oppose the motion.  The Court received his voicemail and left a message.  The next day, the Court sent Owusu's counsel a fax inquiring as to whether he was going to file an opposition.  On June 19, 2008, the Court issued a Letter Order scheduling oral argument for July 29, 2008, and requested that Owusu oppose the motion no later than June 30, 2008.  (Docket Entry No. 52).  On June 30, 2008, the Court received a scant five page opposition brief.[2]

---

[2] The brief was not filed on the electronic docket as required by the District of New Jersey's Local Civil Rules.

During the July 29, 2008 oral argument, the Defendants argued that dismissal was an appropriate sanction because of Owusu's constant failure to abide by the Court's discovery orders.[3] The Defendants also argued that Owusu's handwritten comments on Defendants deficiency letter indicates that Owusu is in possession of the majority of the requested documents but is blatantly refusing to produce them without explanation. Owusu's counsel began his argument by explaining why the deposition of Owusu had not been conducted. The Court however, asked that he focus his argument on why he has failed to produce the documents and why his client has not signed the medical authorization form. Owusu's counsel argued that Owusu only saw a "friend" who happened to be a state psychologist and that he provided that information to the Defendants. The Court again reiterated to Owusu's counsel that his client needs to sign the medical authorization form so that the Defendants can obtain whatever information there is from the doctor. After conferring with his counsel, Owusu personally agreed to sign a medical authorization form.

The Court next turned to the issue of why Owusu had not produced documents responsive to Defendants' discovery demands. Owusu's counsel argued that this is the first time he has spoken with his client face-to-face and asked for an opportunity to speak to his client about the production of documents. Second, he argued that there was a possibility that many of the files Defendants sought where in Owusu's impounded car.[4] The Court went into recess to allow

---

[3]The Court now clarifies the record at the July 29, 2008 hearing, where it inadvertently referred to "striking the answer" (or some variation thereof) as the remedy sought here. The Court was actually referring to dismissing the Complaint.

[4]The Defendants stated that the car Owusu referenced was impounded prior to his employment with CPS and the start of the litigation, and therefore, they do not see how any relevant documents would be in the car.

Owusu and his counsel to speak to each other.

The Court went back on the record, and after much discussion about the possible location of the documents, the Court ordered the following; Owusu was to provide no later August 1, 2008, (three days after oral argument) to both the Court and the Defendants, the signed medical authorization form; any and all responsive documents (other than EEOC files) in Owusu's possession; and any objections to the requested discovery. Although the Court reserved its ruling on the motion, the Court allowed Owusu one last opportunity to show that Owusu does not deserve the sanction of dismissal of his Complaint.

On August 1, 2008, neither the Court nor the Defendants received a package from Owusu as the Court instructed. On Monday August 4, 2008, (three days after the deadline) the Court received a package. However, the package did not contain a signed medical authorization form and the only responsive documents were EEOC and CPS documents. Also included was a three page "Notice of Serving its Objections and Answers to the Defendants' Requests for Production for Documents." This "Notice" objected to the vast majority of Defendants discovery requests. This is in stark contradiction to the responses Owusu wrote on Defendants' November 30, 2007 deficiency letter, where Owusu indicated that he was in possession of a majority of the documents. Also, several of Owusu's responses to specific requests were answered as "See Exhibit B", "See Exhibit C" or "See Exhibit D." However, Owusu's production did not contain an exhibit B, C, or D.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to dismiss an action for failing to comply with discovery requests. However, "the sanction of dismissal is disfavored

absent the most egregious circumstances." *U.S. v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003). In determining whether to dismiss an action under Rule 37, the court must balance six factors:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meed scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984). "Not all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

The Court will now turn to each of the *Poulis* factors.

**A. The Extent of the Party's Personal Responsibility**

The first *Poulis* factor requires the Court to look at whether Owusu is personally responsible for the discovery abuses. *Poulis*, 747 F.2d at 868. It is without dispute that a *pro se* plaintiff is personally responsible for the progress of his case and any failure to abide by discovery orders will fall on the *pro se's* shoulders. *Briscoe v. Klaus,* No. 04-4162, 2008 WL3008444, at * 4 (3d Cir. 2008). Here, Owusu's actions prior to retention of counsel demonstrate that he bears personal responsibility for discovery delays. At the time the Court had its first status conference with Owusu and the Defendants, Owusu's response to discovery was already 6 months late. Further, at the conference, the Court took great lengths to explain to Owusu his obligation to respond to discovery and attempted to facilitate a fair and efficient means of resolving the issue. After conducting the conference, the Court was not under the

impression that Owusu did not comprehend what was being asked of him. And yet, he still did not meet the deadlines the Court imposed. Prior to his retention of counsel, Owusu was already ignoring this Court's orders. This demonstrates that Owusu bears some blame for the failure to produce discovery.

### 2. The Prejudice to the Adversary

Prejudice to the adversary bears "substantial weight in support of dismissal." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994). Prejudice includes " 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party' as well as the 'deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery.' " *Id* at 874 (quoting *Scaraborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). However, prejudice is not limited to irreparable or irremediable harm. *Briscoe*, 2008 WL 3008444 at 5. It may also include " 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.' " *Id*. (quoting *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003)).

Here, Owusu's failure to produce document discovery and sign the medical authorization form has impeded Defendants' ability to prepare and defend its case, and has caused Defendants to incur unnecessary costs and time associated with obtaining this most basic discovery. Because of Owusu's inability to comply with four Court Orders, the Defendants have been required to communicate with opposing counsel and seek judicial intervention beyond what is necessary in the regular course of litigation. It is unreasonable for the Defendants to have to appear in-person three times and participate in three telephone conferences to force Owusu to comply with simple

discovery requests. Further, the Defendants have been unable to obtain the documents necessary to depose Owusu and get this case ready for dispositive motions and/or trial. Thus, the Court finds that Owusu's actions are sufficient to constitute prejudice upon the Defendants.

### 3. A History of Dilatoriness

It is without a doubt that Owusu's conduct constitutes a history of dilatory behavior. On five separate occasions this Court has explicitly instructed Owusu and his counsel to provide responsive discovery and to sign the medical authorization form. Yet he has not. Even when given one last effort to show the Court that he can comply with discovery, Owusu submitted his incomplete information three days late. The Court finds that this is a clear history of dilatoriness. *Poulis*, 747 F.2d at 868.

### 4. Whether the Conduct of the Party or the Attorney was Willful or in Bad Faith

The conduct of Owusu and his attorney can be described as nothing less than willful or in bad faith. Not once has Owusu or his attorney provided a justifiable excuse for the failure to produce discovery. Nor has Owusu or his attorney indicated that there was a substantial impediment to producing the requested discovery. Owusu's counsel suggested that the reason for the failure was either his unfamiliarity with his client or some sort of miscommunication with his client. But even if the Court accepted the argument, it is contradicted by their actions taken at, and subsequent to, the July 29, 2008 hearing. At the July 29, 2008 hearing, Owusu's counsel on the record stated that Owusu would sign the medical authorization form. And In fact, he said that if the form was in front of him, he would sign it right then and there. Yet, when given until August 1, 2008 to provide this information, Owusu did not provide a signed medical authorization form. This is in direct contradiction of his actions at the hearing.

Similarly with respect to documents, Owusu's handwritten notes on Defendants' November 30, 2007 deficiency letter indicate that Owusu is in possession of 34 of Defendants' 54 discovery requests. Then when asked to produce the responsive discovery on August 1, 2008, Owusu objected to over half of the documents. Also, other answers were nondescript, such as "Not applicable" or "Documents with EEOC." Even more mind-boggling, is that in Owusu's answer to Documents requests, Owusu indicated that several of the requests were attached as exhibits or can referenced to exhibits B, C, or D, but when reviewing Owusu's August 4, 2008 submission, there is no exhibit B, C or D attached. The Court cannot rectify the actions of Owusu and his attorney without coming to the conclusion that it was willful or in bad faith.

### 5. Alternative Sanctions

Before dismissing a case with prejudice, a court should consider alternative sanctions. *Adams*, 29 F. 3d at 876. In this case the Court finds that there is no alternative sanctions available to dissuade Owusu from continuing his current course of non-compliance. First, granting attorney fees would be an ineffective sanction as it would not curb Defendants' need to obtain documents in order to conduct a proper deposition of Owusu. *Birch v. E.I. DuPont de Nemours & Co., Inc.*, No.05-799, 2007 WL 4365618, at *3 (D.Del. Dec. 11, 2007). Second, Owusu has been aware as early as February that Defendants wanted to file a motion for sanctions and yet, has continued to defy Court orders. Even further, when faced with the motion for sanctions, Owusu did not file a timely opposition. It was not until the Court called, sent over a fax, and issued an order, that Owusu filed any opposition. Similarly, in *In re E Toys Inc.*, the court stated:

> As for the question of alternative sanctions, the record shows that Alber missed the first ordered deadline and belatedly obtained additional time to file his brief, then missed the second deadline, did

> not oppose the subsequent motion to dismiss, did not seek additional time for briefing, and finally, did not timely file his brief. Despite being given a final opportunity to file a brief under the threat of sanctions, having already been heard on his claim of illness, ultimately, Alber still did not timely file a brief. Nor did he seek an extension of time for medical reasons or for any other reasons. Alber's bankruptcy appeal already had been pending for more than one year when the District Court issued its January 5, 2007 order for Alber to file his opening brief. Under the circumstances, we conclude that the District Court did not abuse its discretion in opting for the sanction of dismissal.

263 Fed. App'x. 235, 238 (3d Cir. 2008) . Here, Owusu knew as early as February that Defendants would seek sanctions if further orders were ignored. Owusu failed to file a timely opposition, and when given one last ditch effort to show that the sanction of dismissal was not warranted, Owusu did not even submit the information on time let alone submit the information required. Thus, the Court does not find that there is any other sanction available other than dismissal.

### 6. The Meritoriousness of the Claims

The final *Poulis* factor is whether Owusu has a meritorious claim. A claim will be "deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. At this stage, the Court's review of the pleading does not demonstrate whether or not Owusu has a meritorious claim, and therefore the Court will weigh this factor against dismissal. *See Headliners Entertainment Group, Inc. v. Rainwater*, No. 06-380, 2007 WL 2316943, at *3 (D.N.J. Aug. 9, 2007).

After balancing the *Poulis* factors, the Court finds that they weigh in favor of dismissing Owusu's complaint. The Court has ordered both Owusu and his attorney five separate times to produce discovery and sign the medical authorization form. Most notably, at oral argument the

Court informed Owusu and his counsel that the Court was reserving its decision in an effort to allow Owusu to provide his long awaited responses to Defendants' discovery demands and the signed medical authorization.  The Court granted Owusu this one last opportunity to prove that he did not warrant the extreme sanction of dismissal.  Yet, when given the opportunity to rectify his past actions, Owusu and counsel took another step in infuriating the Defendant and befuddling this Court.  Owusu and his counsel's blatant disregard for this Court's orders can not be tolerated.  Court orders are not a suggestion that a litigant can choose or choose not to comply with without fearing the appropriate repercussion.  Accordingly, the Court finds that in this case, dismissal is appropriate.

### III. CONCLUSION

For the reasons set forth above, this Court respectfully recommends that the District Court **GRANT** Defendants' motion for sanction and dismiss Owusu's complaint.  Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas  
**ESTHER SALAS**  
**UNITED STATES MAGISTRATE JUDGE**
